Opinion filed July 3, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 3, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00156-CR 

                                                    __________

 

                                 JESSE
NUNEZ TORRES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 118th District Court

 

                                                         Howard
County, Texas

 

                                                    Trial
Court Cause No. 11567

 



 

                       M E M O R A N D U M    O P I
N I O N   C O N S I D E R I N G    

                               A P P E L L A N T = S   P R O   S E   R E S P O N S E








The
jury convicted Jesse Nunez Torres of aggravated robbery.  Appellant entered
pleas of true to both enhancement allegations.  The jury assessed his
punishment at confinement for life.  His court-appointed counsel filed a motion
to withdraw supported by a brief in compliance with Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).  Appellant did not
file a response to his counsel=s
brief.  We granted the motion and issued an opinion on February 15, 2007,
modifying the judgment to reflect that appellant had entered pleas of true to
the enhancement allegations  and affirming the judgment as modified.  Torres
v. State, No. 11-06-00156-CR, 2007 WL 510238 (Tex. App.CEastland Feb. 15,
2007, no pet.).

Appellant
filed an application for writ of habeas corpus contending that he was denied a
meaningful opportunity to appeal because he had not been provided with the
reporter=s record from
the voir dire proceedings.  On December 5, 2007, the Court of Criminal Appeals
remanded the application to the trial court for the entry of appropriate
findings on the record from voir dire.  Ex parte Torres, No.
WR-68800-01, 2007 WL 4306394 (Tex. Crim. App. Dec. 5, 2007). On March 19,
2008, the Court of Criminal Appeals granted appellant=s application and directed appellant to file
in this court his response within thirty days from the date of the Court of
Criminal Appeals mandate.  Ex parte Torres, No. AP-75874, 2008 WL 748654
(Tex. Crim. App. Mar. 19, 2008).

The
Court of Criminal Appeals issued its mandate on April 15, 2008.  Appellant=s response was originally
due to be filed in this court on May 15, 2008.  This court granted appellant=s two motions for extension
of time, and appellant filed his response on June 23, 2008.

Appellant
advances the following possible issues in his response:  one of the sentences
used for enhancement was founded upon an illegally amended indictment; this
conviction was obtained in violation of his federal and state constitutional
rights to due process because the State amended the indictment alleging a prior
offense enhancing the present offense from Aa
common robbery offense@
to the Alevel of an
aggravated felony@;
the trial court erred in only allowing him to question the victim about his
criminal record and drug abuse outside the presence of the jury; his sentence
was enhanced based upon an invalid prior juvenile conviction; the cumulative
effect of the amendment to the indictment, the invalid prior juvenile
conviction, and the evidence both admitted and excluded resulted in this
conviction that violated his federal and state constitutional rights; the
manner in which this conviction was obtained deprived him of his right to a
fair trial; and his trial counsel did not afford him effective assistance of
counsel.








In
order to determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510, 520 (2003); Strickland v.
Washington, 466 U.S. 668, 690 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005); Hernandez v. State, 988 S.W.2d
770 (Tex. Crim. App. 1999).  We must indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance, and appellant must overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002); Stafford, 813 S.W.2d at 508-09.  The record does
not reflect that counsel=s
representation fell below the degree of competence demanded of attorneys.

Tex. Penal Code Ann. ' 29.02 (Vernon 2003)
defines the offense of robbery as occurring when, in the course of committing
theft and with intent to obtain or maintain control over the property, a person
intentionally, knowingly, or recklessly causes bodily injury to another or
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.  Tex. Penal Code
Ann. ' 29.03
(Vernon 2003) declares that the offense of aggravated robbery occurs when, in
the course of committing robbery, a person causes serious bodily injury to
another, uses or exhibits a deadly weapon, or causes bodily injury or threatens
or places another in fear of imminent bodily injury or death if the victim is
disabled or sixty-five years of age or older.  By definition, an enhancement
allegation does not elevate Aa
common robbery offense@
to the Alevel of an
aggravated felony.@

The
record does not support appellant=s
contentions that he was denied his right to due process or that he was denied a
fair trial.  The record does not support appellant=s contentions that  the trial court erred,
that reversible error occurred, that his conviction was improper, or that the
jury would have reached a different verdict if the trial had been properly
conducted.

We
have reviewed and considered each of appellant=s
arguments in his response.  All are overruled.








We
note that, had we determined there was merit to any of appellant=s arguments, the conviction
would not have been vacated as he requests.  Case law demands that, in a
situation such as this where appointed counsel has filed a motion to withdraw
and a brief in support thereof, the appellate court remand the cause to the
trial court for appointment of subsequent counsel if the appellate court
determines that there is some merit to the defendant=s response to his counsel=s motion and brief.  Anders,
386 U.S. 738; Stafford, 813 S.W.2d 503; High, 573 S.W.2d 807; Currie,
516 S.W.2d 684; Gainous, 436 S.W.2d 137; Eaden, 161 S.W.3d 173.

The
judgment is modified to reflect that appellant entered pleas of true to the
enhancement allegations and, as modified, is affirmed.

 

PER CURIAM

 

July 3, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.